IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| SAM DANIEL BELL | § | |
| v. | § | CIVIL ACTION NO. 9:06cv234 |
| | | (Crim. No. 9:04cr21) |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Movant Sam Daniel Bell, proceeding *pro se*, filed this motion to vacate or correct sentence under 28 U.S.C. §2255 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Bell pleaded guilty to the offense of possession of a firearm by a felon. On March 31, 2005, he received a sentence of 180 months in prison, followed by three years of supervised release and a special assessment of $100.00. He did not take a direct appeal, but filed this motion to vacate his sentence on September 19, 2006.

In his original and supplemental petitions, Bell asserted that the search of his house was unlawful and so his conviction should be overturned. He argued that there was no search warrant, nor any exigent circumstances justifying the search. Bell relies on Brigham City, Utah v. Stuart, 126 S.Ct. 1943 (2006), in which police came to a home on a report of a fight at 3 a.m. One officer opened the door and announced their presence, but this went unheard; the officer then entered the kitchen and again cried out, and the fight subsided. The respondents claimed that the warrantless entry into the house violated the Fourth Amendment, but the Supreme Court held that the conduct of the officers was not objectively unreasonable.

After review of the pleadings, the Magistrate Judge issued a Report on October 16, 2006, recommending that the motion to vacate be denied. The Magistrate Judge first determined that the statute of limitations had expired on Bell's claims. His conviction became final April 11, 2005, when his time for appeal expired, and so Bell had one year from that date in which to seek relief under Section 2255. However, he did not file this proceeding until September of 2006, over five months after the limitations period had expired.

Although the Supreme Court case which Bell cites was not rendered until May of 2006, the Magistrate Judge observed that this case did not newly recognize any constitutional rights. The Magistrate Judge stated that both the majority opinion and the concurrence in Brigham City made clear that the case was "simply restating well-settled rules of federal law." Brigham City, 126 S.Ct. at 1950 (Stevens, J., concurring). The Magistrate Judge further said that Bell failed to show that there were any governmental impediments to his motion to vacate, nor that he could not have discovered the facts forming the basis of the claim until a later time.

Next, the Magistrate Judge concluded that Bell had failed to show that the statute of limitations should be equitably tolled. After reviewing the law concerning equitable tolling, the Magistrate Judge cited Fifth Circuit authority saying that such tolling is not intended for those who "sleep on their rights." Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999). In the present case, the Magistrate Judge said, Bell waited over a year and five months after his conviction became final before asserting his first challenge to the conviction; thus, he has slept on his rights and is not entitled to have the limitations period equitably tolled.

Finally, the Magistrate Judge stated that Bell's claim failed on the merits as well. His motion to vacate or correct sentence relied on a challenge to the legality of the search, but the Magistrate Judge pointed out that Bell pleaded guilty to the charge, and therefore waived his Fourth Amendment claim. U.S. v. Cothran, 302 F.3d 279, 285-86 (5th Cir. 2002).

Bell filed objections to the Magistrate Judge's Report on October 25, 2006, along with an affidavit in support of these objections. In these pleadings, Bell for the first time says that he

received ineffective assistance of counsel, in that his attorney "deprived appellant of facts that would have caused a change in outcome of the trial." Bell also says that without access to an adequate law library, he has been deprived of equal access to the courts.

Bell states that his attorney misled him into believing that the charges carried a sentence of 15 years to life, and not that the maximum sentence was 180 months, so he pleaded guilty for fear of receiving a harsher sentence. He says that counsel failed to inform him of his constitutional rights and thereby deprived him of a fair trial, and a chance to plead not guilty. He says that he did not know that his attorney had failed to investigate the search of his residence, and that this failure amounted to ineffective assistance of counsel. Consequently, Bell says that he should be entitled to a later commencement of the limitations period.

Under 28 U.S.C. §2255, as the Magistrate Judge said, the limitations period runs from the latest of: the date on which the judgment of conviction becomes final; the date on which an impediment created by governmental action in violation of the Constitution or laws of the United States is removed, the date on which the right asserted was initially recognized by the Supreme Court, or the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, Bell's objections fail to show any valid basis for a later commencement of the limitations period. In the first place, the Fifth Circuit has held that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994). Bell's claims that he received ineffective assistance of counsel and that his access to the law library was "inadequate" were raised for the first time in his objections and thus are not properly before this Court.

Even were his claims before the Court, however, it is plain that they lack merit. Bell's only response to the Magistrate Judge's conclusion concerning the statute of limitations is that the limitations period should commence at a later time, apparently because of the alleged inadequacy

of the law library and the ineffectiveness of his attorney. Bell offers no facts whatsoever to substantiate his claim regarding alleged "inadequacy" of his access to the law library, and his conclusory assertions are not sufficient to show a valid basis for later commencement of the limitations period. *See generally* United States v. Stracener, 959 F.2d 31, 33 (5th Cir. 1992, *reh. den.*) ("mere conclusory allegations on a critical issue" are insufficient to support Section 2255 relief).[1]

Nor does Bell's claim that he received ineffective assistance of counsel at the guilty plea proceeding provide any grounds for later commencement of this period, because he has not shown that this alleged ineffectiveness prevented him from filing a Section 2255 motion within the limitations period or that it prevented him from discovering the facts upon which his claim was based until a later time. *Cf.* Felder v. Johnson, 204 F.3d 168, 173 (5th Cir. 2000) (noting that proceeding *pro se*, illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations). If ineffective representation at the plea proceeding tolled the statute of limitations, then the limitations period would be erased in all cases raising this claim, a result patently not intended by Congress.

Finally, Bell states that he cited Brigham City "to show that he was not aware of his constitutional rights." As noted above, however, lack of legal training is not a sufficient justification to toll the statute of limitations. Bell's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original and supplemental motion to vacate, the Report of the Magistrate Judge, the Movant's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Movant are without merit. It is accordingly

---

[1] Bell says in his cover letter, which was mailed on October 24, 2006, that he has not been able to go to the law library for three weeks. Even if true, this does not show that he was denied law library access during the time that the limitations period was running.

ORDERED that the Movant's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled motion to vacate or correct sentence be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **31** day of **October, 2006.**

_____
Ron Clark, United States District Judge